Whitaker, Judge,
delivered the opinion of the court:
Many times in this court the Government has defended a suit on the ground that the claimant had failed to pursue-his contractual remedy of appealing to the head of the department from an adverse ruling of the contracting officer,, but tins is the first case that has been presented to us in which the Government has taken the position that the contractor has not even this remedy and that the contracting-officer’s decision is final and subject to review not even by his superior in the department.
The plaintiff had a contract for the building of a hospital and appurtenant buildings at the Crow Creek Indian Agency, Crow Creek, South Dakota. The specifications-contained this provision with reference to temporary heat for the building:
* * * If steam lines are available from an existing system belonging to the United States, temporary heat may be obtained by connecting the radiators-for the building to the present system at such points-as designated by the Superintendent of Construction. * * *
When the contractor required heat for the building it asked the Superintendent of Construction to designate the places at which it could tap the existing heating system supplying heat to the Agency office building. The Superintendent of Construction refused it permission to tap this system at all,, claiming that it was inadequate to supply heat for both the- *265 office building and the hospital. Plaintiff appealed to the Supervising Construction Engineer, who likewise denied the permission sought. From this decision plaintiff appealed to the Commissioner of Indian Affairs, who affirmed the decisions below.
In the meantime plaintiff was required to provide temporary heat by other means. It presented a claim for the extra cost thereof, but this claim was denied. It appealed finally to the Secretary of the Interior, who reversed the action of the Commissioner of Indian Affairs and his subordinates and held that plaintiff should have been allowed to connect with the existing system, and that, having been denied this permission, it was entitled to the extra cost of furnishing the temporary heat itself. The amount of this extra cost was determined to be the amount claimed by plaintiff, less the sum of $3.44, a net amount of $983.58.
The defendant says that the specifications make the Commissioner of Indian Affairs the interpreter of the intent and meaning of the drawings and specifications and that his interpretation thereof is final and conclusive on the plaintiff and that it is not entitled to the remedy provided for by article 15 of the contract, which provides for an appeal to the head of the department from decisions of the contracting officer on “disputes concerning questions arising under this contract.”
In justice to Government counsel it should be said that this position is but half-heartedly advanced. It was the position taken by the Comptroller General when he denied the claim. It is patently unsound.
Paragraph 4 of the general conditions of the specifications did make the Commissioner of Indian Affairs, who was the contracting officer, the interpreter of the intent and meaning of the drawings and specifications, but it did not say that his interpretation thereof should be final and subject to review neither by the courts nor by his superior. It must be read in connection with another provision of the contract, of which it is a part, to wit, article 15 of the contract, which provides for an appeal to the head of the department from the decisions of the contracting officer on disputes *266 concerning questions arising under the contract. Effect must be given, of course, to all parts of the contract; no provision should be construed as being in conflict with another one unless no other reasonable interpretation is possible. This is axiomatic. Paragraph 4 of the general conditions of the specifications is not in conflict with article 15 of the contract. Paragraph 4 makes the Commissioner of Indian Affairs the interpreter of the meaning of the specifications, but it does not make his interpretation final and conclusive; it does not say that there shall be no appeal therefrom to the head of the department.
The provisions of article 15 of the contract apply to such disputes as well as others. It is clear that the contractor in this case did have a right to appeal to the head of the department.
The head of the department has ruled that plaintiff is entitled to the extra expense to which it was put for furnishing temporary heat over and aove what it would have cost it had it been permitted to connect with the existing system. The question for decision by defendant’s representatives, of course, was whether or not there was an available existing system from which temporary heat could have been obtained. The Commissioner of Indian Affairs held there was not, but the head of the department overruled him and held that there was. The defendant does not here deny that an existing system was available; it merely says that it was for the Commissioner of Indian Affairs to determine this question and not for the head of the department. We hold this is incorrect and that the defendant is bound by the decision of the head of its department in this case.
We do not mean to say that in a proper case the decision of the head of the department is not subject to review by this court, but in a case such as this one, where defendant offers no proof to show the decision is erroneous, it certainly should be bound by it. The decision was by its own officer, selected by it to make final decisions, binding on the contractor. The defendant is in no position to contend that a decision adverse to it should not bind it also. Except in *267 rare cases, such as a suit by the contractor for damages, or in case of fraud or mistake, the defendant is and should be bound by the decisions of the person it selected to make’ final decisions. Cf. Arthur W. Langevin v. United States,. No. 43903, ante, page 15.
Judgment will be rendered for the plaintiff in the sum of $983.58. It is so ordered.
Madden, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.
Jones, Judge, took no part in the decision of this case.